THE PEORIA GRAPE SUGAR COMPANY

*v.*

HENRY D. TURNEY *et al.*

*Opinion filed October 24, 1898.*

1. APPEALS AND ERRORS—*whether goods furnished were those contracted for is a question of fact.* In a suit at law to recover the price of coal furnished under a contract, the question whether the coal delivered was the kind called for in the contract is a question of fact conclusively settled by the judgment of the Appellate Court.

2. WARRANTY—*when warranty of quality cannot be implied.* A contract calling for the delivery of a certain kind of coal designated by its trade name carries no implied warranty of its fitness for any purpose, or of its quality, other than that it be the kind specified.

*Peoria Grape Sugar Co.* v. *Turney,* 70 Ill. App. 589, affirmed.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Peoria county; the Hon. T. M. SHAW, Judge, presiding.

PAGE, WEAD & ROSS, for appellant.

RUNNELLS & BURRY, for appellees.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

The appellant purchased coal, under verbal contracts, from appellees during the months of December, 1893, and January, 1894, which was supplied from the Reed City coal mines. On February 1, 1894, the parties entered into a written contract, by which appellees were to furnish appellant its entire requirement of coal, which was from four to eight cars per day, for one year from date, at a price fixed in the contract. Two kinds of coal were to be furnished, viz., Reed City lump coal, and mixed nut, pea and slack made from the lump so taken. Payments were to be made for the coal on or before the 20th of the month next following shipment. Coal was supplied under both

the verbal and written contracts, which was not paid for. Appellees then brought suit and recovered judgment.

The defense interposed was made under the general issue and notice of set-off. The main defense was, as stated by appellant's counsel, that the coal delivered was sold under an express warranty as to its steam-producing qualities, of which there was a breach, with resultant damages, which, it is complained, were not allowed. This defense raised a question of fact, which was passed on by the jury, affirmed by the Appellate Court and is conclusive here.

But it is said that court misconceived the scope of appellant's contention with regard to the grounds relied on for reversal, which, it is said, were, "that the coal delivered was not in fact Reed City lump coal, nor mixed nut, pea and slack made therefrom, as provided in the contract, but was an inferior grade of coal," for which no proper allowance was made. Whether the coal delivered was in fact the kind of coal contracted for was a matter of fact, necessarily passed upon by the two courts that have considered this case, which is conclusive. The facts having been determined against appellant, made it liable to pay for the coal without unreasonable or vexatious delay. Whether there was such delay was properly submitted to the jury as a fact.

Complaint is also made of instructions 1 and 2, which told the jury there was no warranty of the coal to be furnished under the contract of February 1, 1894. The contract itself does not express a warranty of the coal, in which case none is implied. (Benjamin on Sales,—3d ed. —sec. 621; *DeWitt* v. *Berry*, 134 U. S. 306.) But the court did expressly modify those instructions by reference therein to another instruction, which in effect told the jury that if the sale of February 1 was based on coal that had been furnished prior thereto, then it should be equal in character and grade to that before furnished, and if it was not, then damages should be allowed, etc. This was

all the appellant could fairly ask, and the reference to such modifying instruction was so plain that the jury could not have been misled.

It is also urged the words "Reed City lump coal," in the contract, raised an implied warranty of the quality of the coal, independently of the kind of coal before furnished. Those words designated a certain kind of coal known in commercial trade and with which appellant was familiar, as it had used it prior thereto. Therefore, it having contracted for that kind of coal, if it received what it had contracted for there was no implied warranty. The common law is tersely stated in the English "Sale of Goods act," under rule 14, "that in the case of a contract for the sale of a specific article under its patent or other *trade name* there is no implied contract as to its fitness for any particular purpose," for the reason, as stated in the authorities, that "an undertaking as to fitness is not implied where the buyer gets what he bargained for." 1 Parsons on Contracts, (7th ed.) 586, 587; *Gossler* v. *Eagle Sugar Refinery*, 103 Mass. 331; *Port Carbon Iron Co.* v. *Groves*, 68 Pa. St. 149; *Mason* v. *Chappel*, 15 Gratt. 572; Benjamin on Principles of Sales, rule 18, p. 47, which contains the English "Sale of Goods act," the same being declaratory of the common law.

The criticism of instruction No. 1, that it ignored the obligation of appellees to furnish "lump coal," is hypercritical. The contract called for Reed City coal of two different kinds,—lump, and mixed nut, pea and slack made from lump taken by appellant. The instruction necessarily covered both kinds of coal mentioned in the contract, and not one to the exclusion of the other.

The criticism of the second instruction, that it assumed the coal mentioned in the invoice was mined at Reed City, is not sound. It left the fact to be found by the jury that such coal was mined at Reed City. The instruction might have been differently arranged, but that is the necessary purport of the language used.

There are some other objections urged as reasons for the reversal of the judgment, but they are not deemed to be well taken.

The judgment is affirmed.    *Judgment affirmed.*