South Side Coal Company, Defendant in Error, v. Bernard
Gross, Plaintiff in Error.

Gen. No. 15,339.

1. DAMAGES—*what essential to recoupment of.* To enable recoupment of damages for the inferior quality of coal delivered, there must be proof either of an express warranty and of its breach or of fraud.

2. ACCORD AND SATISFACTION—*when dispute sufficient to sustain.* A dispute sufficient to sustain an accord and satisfaction may be predicated as well where the matter in issue was one of law as where it was one of fact.

3. ACCORD AND SATISFACTION—*what sufficient to establish.* To constitute an accord and satisfaction of an unliquidated and disputed claim, it is necessary that the money should be offered in satisfaction of the claim and be accompanied with such acts and declarations as amount to a condition that if the money is accepted it is to be accepted in satisfaction and such that the party is bound to understand therefrom that if he takes it he takes it subject to such condition.

Assumpsit. Error to the Municipal Court of Chicago; the Hon. ROBERT H. SCOTT, Judge, presiding. Heard in this court at the March term, 1909. Affirmed. Opinion filed October 20, 1910.

ERNEST LANGTRY, for plaintiff in error.

H. C. LUST, for defendant in error.

MR. JUSTICE BAKER delivered the opinion of the court.

August 21, 1907, plaintiff submitted to defendant a written proposal which was accepted by defendant. The portion of the proposal necessary to be considered is as follows:

"We propose to furnish you from this date until June 1, 1908, covering the requirements of your fifteen (15) flats at the N. W. corner of 45th & Calumet Ave. and your six (6) flats at 4639 Langley Avenue, our Genuine Pocahontas coal as follows:

From Date to September 1, '07. . . . $4.15 per ton.
From Sept. 1st up to June 1st '08 net $4.40
of 2,000 lb."

It is not disputed that for the amount of coal delivered, at the price stated in the contract, there was a balance due plaintiff from defendant of $239.79, and for that amount plaintiff had judgment.

The contention of the defendant, plaintiff in error here, is first, that the coal delivered was not of the quality required by the contract, and, second, that the facts established by the evidence constitute an accord and satisfaction.

The coal in question was delivered to and accepted and used by the defendant. The contract between the parties being in writing, we must look to the writing alone for its terms. To enable the defendant to recoup damages for the inferior quality of the coal delivered, there must be proof either of an express warranty and of its breach, or of fraud. There is in this case no evidence of fraud, misrepresentation or concealment on the part of the plaintiff. In Peoria Grape Sugar Co. v. Turney, 175 Ill. 631, it was held, that a contract calling for the delivery of a certain kind of coal designated by its trade name, carries no implied warranty of its fitness for any purpose, or of its quality, other than it be of the kind specified. In Dounce v. Dow, 64 N. Y. 411, the buyer ordered, and the seller shipped to him, "XX pipe iron." Held to be a warranty that the article was of that character, but not of any certain quality of pipe iron. See, also, Benjamin on Sales, 6th ed., p. 636; Beach on Contracts, sec. 275.

The plaintiff (in the absence of fraud) was only bound by its contract, which was to deliver: "Genuine Pocahontas coal." From the evidence the court might properly find that the coal in question was "Genuine Pocahontas coal," and therefore that the evidence failed to show any breach of plaintiff's warranty.

There is no controversy as to the facts relied on as showing an accord and satisfaction. It appears from the evidence that the defendant disputed his liability for the amount claimed by the plaintiff. We think that a claim may be honestly disputed on a matter of law as well as on a matter of fact. To constitute an accord and satisfaction of an unliquidated and disputed claim, it is necessary that the money

should be offered in satisfaction of the claim, and be accompanied with such acts and declarations as amount to a condition that if the money is accepted it is to be accepted in satisfaction, and such that the party is bound to understand therefrom, that if he takes it he takes it subject to such condition. Beach on Contracts, sec. 425; Snow v. Griesheimer, 220 Ill. 106; Preston v. Grant, 34 Vt. 201; Fuller v. Kemp, 138 N. Y. 231; S. C. with note, 20 L.R.A. 785.

Defendant's son testified that about February 11, 1908, he told the president of the plaintiff company that witness and his father had gone over the amounts and the money due plaintiff and arrived at a figure; that he had a check with him for the amount in full and that it was for $19.48; that he said the check was to be payment in full; that the president said he would think the matter over; that witness said he would call again, but the next day had to go away and gave the check to his father. Defendant gave plaintiff notice to produce a letter of defendant dated about February 20, 1908, and on failure to produce, testified that its contents were as follows: "Enclosed please find the check for $19.48. This is the check which my son offered you in payment, but you wanted a little more time to think it over. My son left for Madison today. I refer to the conversation my son had with me at the time and this is the check for $19.48." The check is in the usual form, dated Feb. 11, 1908, for $19.48, and contains no words indicating that it was in full of plaintiff's claim, or words of like import. It was collected by plaintiff in the usual course of business.

We are unable to find in this letter any language which amounts to a condition that if the money is accepted, it is accepted in satisfaction, or language such that the party to whom it offered was bound to understand therefrom that if he took it, he took it subject to such condition. The letter does not state that the writer offers the check in payment or satisfaction of any claim or demand of the plaintiff, but only that the check enclosed is the check which the witness' son, "offered you in payment."

We think that the facts do not constitute an accord and satisfaction, and the judgment will be affirmed.

*Affirmed.*