C. M. Moderwell & Company, Plaintiff in Error, v. Farmers Grain & Feed Company, Defendant in Error.

### Gen. No. 17,393.

SALES—*where freight charges on goods refused are deducted from selling price of goods accepted.* Where defendants ordered two cars of coal from plaintiff, accepted one car and paid the freight on both,

a judgment for the selling price of car accepted less freight charges on both cars is sustained, where plaintiff appeals, since it does not appear that it was shown by a preponderance of the evidence that the coal was the kind ordered, or that the verdict is against the weight of evidence.

Error to the Municipal Court of Chicago; the Hon. Hosea W. Wells, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1911. Affirmed. Opinion filed November 29, 1912. Rehearing denied December 12, 1912.

Ullmann, Hoag & Davidson, for plaintiff in error.

No appearance for defendant in error.

Mr. Presiding Justice Gridley delivered the opinion of the court.

Plaintiff in error, hereinafter called plaintiff, recovered a judgment in the Municipal Court of Chicago against defendant in error, hereinafter called defendant, for $52.97 and costs. Plaintiff prosecutes this writ to reverse the judgment on the ground that the same should have been for a larger amount. The case was tried before the court without a jury. Defendant did not enter its appearance in this court, and we have not been favored with a brief and argument in its behalf.

Briefly stated, the facts are that defendant placed an order with plaintiff for three cars of Indiana Lower Vein Block coal, at $2.80 per ton, delivered; that defendant was entitled to deduct from the invoice price the freight on each car, which the railroad company required should be paid before it would make delivery; that plaintiff accepted the order and shipped two cars; that one of these cars was accepted—the invoice price of which was $119.13, and the freight thereon $30.28, making the net amount due on this car $88.85; that the other car was rejected by defendant after receipt and examination, and that the invoice price of this rejected car was $143.50, and the freight thereon $35.88. When defendant rejected this latter car it claimed the right

to deduct the freight paid on said car from the amount it owed plaintiff for the first car, viz.: $88.85, and as the court found from the evidence that defendant had a right to reject this car, the court assessed the plaintiff's damages for said amount, less the freight paid by defendant on the rejected car, amounting to the net sum of $52.97, upon which finding the judgment was entered.

As stated by counsel for plaintiff, the only question involved in this record is whether or not the defendant had a right to reject said latter car.   Counsel claim that under the evidence it had no such right, and that defendant owes plaintiff the sum of $88.85 for the accepted car and for the net sum due on the rejected car, viz.: $107.62, making a total sum of $196.47, for which sum judgment should have been entered.   Counsel argues that the evidence shows that Indiana Lower Vein Block coal was ordered and that such coal was delivered, and that, therefore, plaintiff was entitled to recover for the rejected car, notwithstanding that the coal in that car was not merchantable, or of good quality, as claimed by defendant, and that this is so because there is no implied warranty as to the fitness of coal for any particular purpose where the same is sold under a trade name, citing, Peoria Grape-Sugar Co. v. Turney, 175 Ill. 631.   After careful examination of the transcript of the record, we cannot say that it is shown by a preponderance of the evidence that Indiana Lower Vein Block coal was in fact delivered to defendant, or that the verdict and judgment are manifestly against the weight of the evidence, and we are not disposed to disturb the judgment, which is accordingly affirmed.

*Affirmed.*

Mr. Justice McSurely took no part in the decision of the case.