(No. 25985.—

PHYLLIS BECKETT, Appellee, *vs.* THE F. W. WOOLWORTH
Co., Appellant.

*Opinion filed April 15, 1941—Rehearing denied June 4, 1941.*

SHAW, J., specially concurring.

KIRKLAND, FLEMING, GREEN, MARTIN & ELLIS, and EDNYFED H. WILLIAMS, (WILLIAM H. SYMMES, DAVID JACKER, ALBERT E. HALLETT, JR., and CHARLES M. RUSH, of counsel,) for appellant.

MURPHY O. TATE, and OSCAR JORDAN, (FRANKLIN J. STRANSKY, of counsel,) for appellee.

Mr. JUSTICE WILSON delivered the opinion of the court:

The plaintiff, Phyllis Beckett, filed a complaint in the superior court of Cook county against the defendant, the F. W. Woolworth Co., seeking damages for breach of an express warranty alleged to have been made by the defendant incident to the sale to her of a cosmetic or toilet preparation known as "Pinaud's '612' Creamy Mascara." Plaintiff charged that the defendant warranted this preparation was pure, harmless, free from any poisonous substance or germs, and that it was fit and proper for the purpose of coloring and blackening her eyelashes. Answering, the defendant denied the material allegations of the complaint and, by an amendment to its answer, averred that the mascara was a standard preparation manufactured and sold to the trade by a manufacturer of cosmetics, Pinaud, Inc.; that the preparation is sold generally in all stores where cosmetics are sold; that, in particular, it is sold in the original packages in which it is received from the manufacturer, and that the tube of mascara purchased by plaintiff was not manufactured, prepared, filled or packed by the retailer. At the conclusion of the plaintiff's evidence, and again at the close of all the evidence, the defendant filed motions for a directed verdict. Both motions were denied. The jury returned a verdict of $11,250 in favor of the plaintiff. Thereafter, the defendant made motions for judgment *non obstante veredicto* and a new trial. The first motion was denied, the court ordered a *remittitur* of $5250 to be entered within twenty days, and if not done,

announced that the motion for a new trial would be granted. Upon the *remittitur* being accepted, the defendant renewed its motion for a new trial and also moved in arrest of judgment. These motions were denied, and the court rendered judgment against the defendant for $6000. The Appellate Court for the First District has affirmed the judgment. (*Beckett* v. *Woolworth Co.* 306 Ill. App. 384.) We have granted defendant's petition for leave to appeal and the cause is before us for a further review.

Pinaud's "612" creamy mascara is sold in tubes attached to cards along with small black brushes for applying the preparation. The card, tube and brush are made and distributed by Pinaud, Inc., of New York City. The tube of mascara is prepared by a machine which automatically mixes the mascara, fills and seals the tube. These are shipped to retailers, such as the defendant, in boxes containing one dozen cards. In 1937, it appears that 1,500,000 tubes were sold in various chain stores. On September 3, 1937, the plaintiff, a young woman thirty-five years of age, purchased at one of the defendant's retail stores in Chicago a tube of Pinaud's "612" mascara from the cosmetics counter of the "Toilet Article Department" which contained approximately seven hundred articles, including four types of mascara. It appears she had patronized this store about eight years and had used the same preparation for ten or twelve years. Plaintiff testified that on the day named she engaged in conversation with the saleswoman concerning the mascara; that she picked up the card and told the clerk she would take it; that she bought the mascara, paid the purchase price, ten cents, and the saleswoman remarked, "Phyllis, don't you think you are pretty enough without it?"; that she replied, "Well, this would help," and, further, "This mascara is safe, isn't it?"; that the clerk answered, "It is on the tube, it says harmless;" that she, plaintiff, then said, "I will take it." The plaintiff then added that she had never experienced any difficulty with her pre-

vious purchases of this same product. Upon re-direct ex-
amination, plaintiff testified that at the time of the purchase
in question the clerk stated that Pinaud's preparation was
"good mascara, she thought it was the nicest and no trouble
with it." Upon re-cross examination, plaintiff testified that
the saleswoman asked her, "Have you been using this 612
Pinaud's?" that she answered, "It is pretty good," and that
the saleswoman added, "It is supposed to be the best."
When plaintiff's attention was directed to her different ver-
sions of the transaction she testified that all the clerk said
was, "Not good, supposed to be the best," and that she had
already placed the mascara in her purse preparatory to pay-
ing for it when this statement was made. Defendant's em-
ployee who sold the mascara to plaintiff testified that she
did not say Pinaud's "612" was the best available, safe,
or pure, and, further, that she did not recommend its pur-
chase. As plaintiff was applying the mascara to her eye-
lashes on September 4, some of the preparation fell into
her right eye. A painful and admittedly serious eye injury
was suffered.

The plaintiff rests her claim solely on the ground de-
fendant made an express warranty that the mascara was
"runproof and harmless." A recognized distinction obtains
between an express warranty and an implied warranty. An
express warranty is one imposed by the parties to the con-
tract and is a part of the contract of sale, whereas an im-
plied warranty is not one of the contractual elements of an
agreement but is, instead, imposed by law. Section 15 of
part I of the Sales act, (Ill. Rev. Stat. 1939, chap. 121½,
par. 15, p. 2810,) so far as pertinent, provides: "(4) In
the case of a contract to sell or a sale of a specified article
under its patent or other trade name, there is no implied
warranty as to its fitness for any particular purpose." Since
the mascara was sold under its trade name, paragraph 4 of
section 15 is applicable. (*Peoria Grape Sugar Co.* v. *Tur-
ney,* 175 Ill. 631.) The presence of a trade name does

not, however, preclude a retailer from making an express warranty, the precise question remaining as to whether such warranty was actually made. Section 12 of part 1 of the Sales act (Ill. Rev. Stat. 1939, chap. 121½, par. 12, p. 2809,) ordains: "Any affirmation of fact or any promise by the seller relating to the goods is an express warranty if the natural tendency of such affirmation or promise is to induce the buyer to purchase the goods, and if the buyer purchases the goods relying thereon." This same section also declares: "No affirmation of the value of the goods, nor any statement purporting to be a statement of the seller's opinion only shall be construed as a warranty." It is established that no particular words or forms of expression are necessary to create an express warranty. A positive assertion of a matter of ·fact made by a seller at the time of the sale, for the purpose of assuring the buyer of the fact and inducing him to make the purchase, if relied on by the purchaser, constitutes a warranty. (*MacAndrews & Forbes Co.* v. *Mechanical Manf. Co.* 367 Ill. 288; *Van Horn* v. *Stautz*, 297 id. 530; *Thorne* v. *McVeagh*, 75 id. 81.) In order to recover for a breach of warranty in this case it was thus incumbent upon the plaintiff to prove an affirmation of fact concerning the mascara by the defendant, the seller, having a natural tendency to induce her to buy, and an actual reliance upon the affirmation made.

To obtain a reversal, defendant makes the contention, among others, that proof of an essential element of an express warranty is wanting, namely, plaintiff's purchase of the merchandise in reliance upon an affirmation of fact by the retailer having a natural tendency to induce the sale. Even if (1) the words "runproof" and "harmless" appearing at the bottom of the small printed card to which the mascara and brush were attached and (2) the statements alleged to have been made by the saleswoman be deemed affirmations of fact by the defendant relating to the mascara purchased by plaintiff, there is no evidence tending

to show that these promises induced plaintiff to purchase the mascara or that she relied upon such statements. Admittedly, plaintiff knew that the defendant was a retailer. Our examination of the card introduced in evidence discloses that it specifically sets forth that the mascara is distributed by Pinaud, Inc. The retailer's name does not appear on the card, the tube or the brush. Plaintiff had been using this particular brand of mascara for ten or twelve years prior to her purchase on September 3, 1937, had purchased it from the defendant's store about eight years, and had experienced no previous difficulty, although she used about a tube each week. She did not profess knowledge of any statement on the card. In particular, there is no testimony in the record purporting to show that at the time of the purchase plaintiff read or saw the words "runproof" and "harmless" on the printed card. Her own testimony discloses that she personally picked up the card, with the mascara and brush attached thereto, and handed it to the saleswoman with a dime saying she would take the article. Whether the statements attributed to the saleswoman were made prior to, concurrently with or subsequent to the consummation of the transaction, the conclusion is inescapable that plaintiff was not induced to buy the mascara in reliance upon such promises. The statements which the plaintiff claims the saleswoman made were, in fact, all made subsequent to the completion of the sale. Manifestly, acts or statements of a retailer made after a sale do not support a claim that a regular customer was induced to buy merchandise in reliance upon such statements.

When the Appellate Court has affirmed a judgment for a plaintiff in an action at law this court is precluded from weighing the evidence to determine where the preponderance lies. Where, as here, there is a motion to direct a verdict for the defendant, the evidence is considered in its aspect most favorable to the plaintiff, with all the inferences reasonably deducible, to determine whether there is

476

a total failure to prove an element essential to maintenance of the cause of action alleged. (*Rotche* v. *Buick Motor Co.* 358 Ill. 507; *Bowman* v. *Woodway Stores,* 345 id. 110; *Illinois Central Railroad Co.* v. *Oswald,* 338 id. 270.) The proof conclusively demonstrates that plaintiff did not rely either upon the printed words on the card containing the mascara or upon the statements attributed by her to the defendant's employee concerning the fitness for use for which the product was purchased. For the reason that there is no evidence for the plaintiff which tends to prove the essential element of reliance upon an affirmation of fact or promise relating to the mascara by the defendant with a tendency to induce her to purchase the cosmetic preparation, the motions to direct a verdict in favor of the defendant should have been granted.

The judgments of the Appellate Court and the superior court of Cook county are each reversed.

*Judgments reversed.*

Mr. JUSTICE SHAW, specially concurring: I agree with the result reached in this opinion but not with all the reasoning thereof.