Cecelia Ann Bernard and Diana Bernard, Minors, by Cecelia Bernard, Their Mother and Next Friend, Frank Bernard and Cecelia Bernard, Plaintiffs. Cecelia Ann Bernard and Cecelia Bernard, Plaintiffs-Appellants, v. Elgin, Joliet and Eastern Railway Company, Defendant-Appellee.

Gen. No. 48,425.

First District, Third Division.

February 7, 1962.

Rehearing denied April 25, 1962.

Joe Reiff, of Chicago, for appellants.

Stevenson, Conaghan, Hackbert, Rooks, and Pitts, of Chicago (Robert L. Hesse, of counsel), for appellee.

MR. JUSTICE SCHWARTZ delivered the opinion of the court.

This is an appeal by plaintiffs-appellants from a judgment in favor of defendant notwithstanding the verdict. The case involves a collision at a grade crossing between a freight train operated by defendant and an automobile operated by Frank Bernard, husband of Cecelia and father of Cecelia Ann.

The case was tried twice. At the close of all the evidence at the first trial, Diana Bernard withdrew as plaintiff on her own motion and the case went to the jury on behalf of the remaining three plaintiffs. The jury disagreed. The court entered judgment for defendant upon a reserved motion as to Frank Bernard, but denied the motion as to Cecelia and Cecelia Ann Bernard. On the second trial, verdicts were returned for $25,000 for Cecelia and $1000 for Cecelia Ann Bernard. On a post-trial motion, the court entered judgment notwithstanding the verdict (n.o.v.).

██ The question presented is whether there is any evidence of substance which, with all the inferences that may be drawn from the evidence in favor of plaintiffs, supports plaintiffs' charge that defendant was guilty of negligence in failing to blow a whistle or ring a bell as required by statute. Ill Rev Stats, c 114, § 59, 1961. This is the measure to be applied on a motion for judgment n.o.v., and on such motion the court cannot weigh the evidence nor pass upon the credibility of witnesses. Quellmalz v. First Nat. Bank, 16 Ill2d 546, 552, 158 NE2d 591, 594; Peters v. Catt, 15 Ill2d 255, 259–60, 154 NE2d 280, 283–84; Hering v. Hilton, 12 Ill2d 559, 563, 147 NE2d 311, 314; Schneiderman v. Interstate Transit Lines, 394 Ill 569, 581, 69 NE2d 293, 299; Greenlee v. John G. Shedd Aquarium, 31 Ill App2d 402, 408, 176 NE2d 684, 687; Busser v. Noble, 22 Ill App2d 433, 440–41, 161 NE2d 150, 153; Foster v. Bilbruck, 20 Ill App2d 173, 179–80, 155 NE2d 366, 370. This is true even though, as it appears in the instant case, the evidence preponderates in favor of defendant. The measure of preponderance may be applied by the trial court in determining whether to grant a new trial, but not on a motion for judgment n.o.v. Hence we need not examine all the evidence.

The accident occurred at about noon on August 14, 1952 near the intersection of State Route 6 and defendant's single track spur in Grundy County, Illinois. Frank Bernard, his wife and two young daughters were on an automobile trip. The father was driving and as he approached the crossing, he saw a warning sign that said "Railroad." He was at the top of a hill leading down toward the crossing, which he thought was then about 300 feet away. He listened for bells or whistles and heard none. Instead of stopping his car, he continued to drive ahead until he was within 35 to 45 feet from the crossing, when his wife called to him "Frank, train!" Then, without deter-

mining his relative position to the train and evidently fearing that if he went straight ahead he would collide with it, he turned to the left, crossed the median strip and the opposite lane of traffic, went into a ditch on the far side of the highway and collided with the train.

Cecelia Ann Bernard, 12 years old at the time of the accident, testified that she did not hear any whistles or bells; that she was listening for them; that she was prompted to listen because the sign said "Railroad" and it was then that she started to listen for whistles or bells and that her hearing was excellent at the time of the accident. She further testified that she lived near a railroad track. Diana Bernard's testimony is substantially the same as her sister's—that she heard nothing. She further testified that they were taught to listen for bells and whistles before crossing because they lived near railroads. This was clearly evidence of substance to support plaintiffs' case.

Defendant argues that we must accept Frank Bernard's negligence as already adjudicated because of the judgment against him in the first case. Without considering the propriety of this order, his negligence could not be imputed to plaintiffs-appellants. Defendant recognizes that this is the law, but then argues that Frank Bernard's negligence was the sole proximate cause of the accident as a matter of law, and it is on that basis that defendant seeks to justify the judgment n.o.v.

■■ Attempts to define proximate cause in terms of a generalized legal statement have led to metaphysical speculation by legal writers. This has not been helpful in application to a particular case. The Illinois Pattern Jury Instructions defines it as:

"That cause which, in natural or probable sequence, produced the injury complained of. It

need not be the only cause, nor the last or nearest cause. It is sufficient if it concurs with some other cause acting at the same time, which in combination with it, causes the injury." IPI, No 15.01.

It is enough for our purposes to note that while the negligent act must be one of the essential causes producing the injury, it need not be the sole, last or nearest cause. It is sufficient if it concurs with some other cause acting at the same time which, in combination with it, causes the injury. Thomas v. Chicago Embossing Co., 307 Ill 134, 138 NE 285; Waschow v. Kelly Coal Co., 245 Ill 516, 92 NE 303. Where the concurrent negligence of two persons causes an accident which would have been avoided but for the negligence of either, the negligence of each is the proximate cause. Gleason v. Cunningham, 316 Ill App 286, 44 NE2d 940; Goldsmith v. Chicago, M. & St. P. R. Co., 176 Ill App 336; Chicago & E. I. R. Co. v. Mochell, 193 Ill 208, 61 NE 1028. The foregoing definition is by no means perfect, but is adequate for the purposes of the instant case.

Our consideration of the question, therefore, must center on whether defendant's failure to sound a bell or blow a whistle (which for this purpose we must assume) proximately contributed to cause the accident, or whether Frank Bernard's behavior in pulling his car off the road and plowing through a field can be said as a matter of law to have been such bad judgment that had he not done so, the collision would not have occurred. This depends on whether he could have brought his car to a stop before reaching the crossing had he remained on the road. This is clearly a question of fact for the jury. To assume otherwise, the court would have to draw an inference from the evidence which would be unfavorable to plaintiffs. This the trial court was not permitted to do upon con-

sideration of a motion for judgment n.o.v., although it can do so in passing on a motion for new trial.

The four cases particularly emphasized in defendant's brief are not persuasive. In Gulf, Mobile & O. R. R. v. Freund, 183 F2d 1005 (1950) and Moudy v. New York Cent. & St. L. R. Co., 385 Ill 446, 53 NE2d 406, the acts charged as the proximate cause of the accident were those of the plaintiffs themselves. In Elliott v. Elgin, J. & E. Ry. Co., 325 Ill App 161, 59 NE2d 486, the action was by administrators. The decedents were passengers in the car. The court held fatal the failure to show their own exercise of due care. It then further pronounced that the driver's negligence had been the proximate cause of the accident. In Briske v. Village of Burnham, 379 Ill 193, 39 NE2d 976, the plaintiff was a passenger in a car traveling on a former public road across which lay an unsuspected barricade. The court said that the defendant's negligent acts merely created a condition in which the driver's negligence operated as the proximate cause of the accident. It is uncertain in which sense the phrase was used. Giving it the meaning most relevant to the instant case, it would seem that the court's reasoning was that from the evidence the defendant's negligence was so insubstantial a factor as not to warrant submission to the jury. We cannot so hold here.

██ A question of proximate cause is ordinarily one for a jury to decide and should not be determined as a matter of law when composed of such qualities as to cause reasonable men to reach different results. Ney v. Yellow Cab Co., 2 Ill2d 74, 117 NE2d 74. The acts of negligence present in the instant case were so interfused that no rational basis can be found for separating them. To hold that defendant's acts merely created the condition in which the accident occurred would preclude a passenger

471

from recovering in any case in which the driver's negligence in conjunction with the defendant's failure to sound warning signals or to provide other protection induced the accident.

Plaintiffs in their brief pray that this court vacate the judgment n.o.v. and enter judgment on the verdicts for plaintiffs, or in the alternative, enter judgment on the verdicts for plaintiffs and remand the cause to the trial court for the sole purpose of ruling on defendant's motion for a new trial.

The judgment is reversed and the cause is remanded with directions to the trial court to deny the motion for judgments notwithstanding the verdicts and to rule upon defendant's motion for a new trial, and for such other and further proceedings as are not inconsistent with the views herein expressed.

Judgment reversed and cause remanded with directions.

McCORMICK, P. J. and DEMPSEY, J., concur.