Rose Lutz, Plaintiff-Appellant, v. Chicago Transit Authority, a Municipal Corporation, Defendant-Appellee.

Gen. No. 48,538.

First District, Third Division.

March 28, 1962.

Meyer L. Cherkas, of Chicago (Bertram A. Stone, of counsel), for appellant.

William J. Lynch, William S. Allen and Jerome F. Dixon, of Chicago, for appellee.

MR. JUSTICE DEMPSEY delivered the opinion of the court.

At the conclusion of the plaintiff's case, in her suit against the Chicago Transit Authority for personal injury, the court sustained the defendant's motion for a directed verdict and instructed the jury to find the issues for the defendant. Rose Lutz, the plaintiff, appeals from the judgment entered upon the verdict of not guilty.

Mrs. Lutz, a widow who had been working for 36 years, left her place of employment at Diversey and Damen Avenues at 4:30 p. m., November 18, 1954. She boarded the defendant's eastbound Diversey Avenue bus and sat near the front door in the middle of the three-place seat on the south side of the bus, facing north. She lived on Seminary Avenue a few blocks north of Diversey, and it was her custom to take the bus to Sheffield Avenue, which is a block east of Seminary, and change there to a bus going north. Diversey and Sheffield is also a transfer point for the nearby elevated line and people desiring to transfer to the "L" get off Diversey buses and hurry at that hour to the elevated station.

The Diversey bus became very crowded before it arrived at Sheffield. As it approached that intersection Mrs. Lutz prepared to get off. Because of the crowded aisle it was difficult for her to do so and she was assisted to her feet by a man seated next to her who gave her his arm for support. She reached the front door and was standing on the top step, waiting for the bus to stop at the southeast corner which was the normal practice. There were people on the bus who wanted to take the "L." A woman farther back started pushing through the crowd, calling that she wanted to get off and for the driver to stop so

that she could catch an elevated train. Some woman behind Mrs. Lutz placed her hands on Mrs. Lutz's shoulders and pushed her just as the bus was coming to an unexpected stop, on the southwest instead of the southeast corner; then the door opened and Mrs. Lutz was shoved out. She fell over the curb, bruising her head, breaking her elbow and injuring her ribs. A passenger, who was farther back on the bus and who was also getting off, corroborated Mrs. Lutz's story. He and the bus driver took her to a drug store. From there, she was taken to a hospital by policemen.

The test to be applied to a defendant's motion for a directed verdict is whether there is any evidence or reasonable inferences arising from the evidence, tending to prove the cause of action alleged in the complaint. On such a motion, in a jury trial, the court does not weigh the evidence or the inferences to be drawn from the evidence. These are questions for the jury and not for the court to consider. The court must decide if the plaintiff's evidence fails as a matter of law to establish the claim. It becomes a question of law only where the evidence is such that all reasonable men would reach the same conclusion or where there is a total failure to prove one or more of the elements necessary to the cause of action. If it appears that all reasonable men might not agree in their conclusions, a jury question is presented. Hughes v. Bandy, 404 Ill 74, 87 NE2d 855; Beckett v. F. W. Woolworth Co., 376 Ill 470, 34 NE2d 427; Molloy v. Chicago Rapid Transit Co., 335 Ill 164, 166 NE 530; Tabor v. Tazewell Service Co., 18 Ill App2d 593, 153 NE2d 98.

The issue in the present case then, is whether Mrs. Lutz adduced any evidence to support the single charge of negligence in her complaint, which was that the defendant permitted its bus to become dangerously overcrowded and that this caused her to be forcefully pushed from the bus to the street. Her testimony

and that of another passenger as to the overcrowded condition of the bus was sufficient to make out a prima facie case in this respect. She was able to sit down when she boarded the bus, but it had taken on so many passengers by the time she was to get off, that she had trouble finding room to rise to her feet and a man next to her had to aid her. She said the people standing near the door "were just like sardines" and that a person had to squeeze to get through the aisle. The more difficult question is whether a causal relation has been shown between the overcrowding and her being pushed out the front door.

 A common carrier of passengers is required to do all that human care, vigilance and foresight can reasonably do to carry a passenger safely, consistent with the mode of conveyance adopted and the practical operation of its business. Sandy v. Lake Street El. R. Co., 235 Ill 194, 85 NE 300; Alton Light and Traction Co. v. Oliver, 217 Ill 15, 75 NE 419. It cannot be held liable, however, for negligence unless there is a causal connection between its negligence and the passenger's injury. For there to be a causal connection, the negligence of the carrier need not be the only cause, nor the last or nearest cause of the passenger's injury. It is sufficient if it concurs with some other cause acting at the same time, which in combination with it causes the injury. Thomas v. Chicago Embossing Co., 307 Ill 134, 138 NE 285. Where the concurrent negligence of two persons causes an injury which could have been avoided but for the negligence of either, the negligence of each is the proximate cause. Chicago and E. I. R. Co. v. Mochell, 193 Ill 208, 61 NE 1028; Bernard v. E. J. & E. Ry. Co., 34 Ill App2d 466, 181 NE2d 613. If the negligence of the defendant only furnishes a condition by which the injury is made possible and such condition, by the subsequent independent act of a third person causes the injury, the creation of the condition is not the

proximate cause of the injury. Illinois Cent. R. Co. v. Oswald, 338 Ill 270, 170 NE 247. The subsequent independent act, however, in order to break the causal connection, must be one which was not probable or which the defendant could not foresee. Johnston v. City of East Moline, 405 Ill 460, 91 NE2d 401; Neering v. Illinois Cent. R. Co., 383 Ill 366, 50 NE2d 497. In the Neering case it was said:

> "The rule that the causal connection between a person's negligence and an injury is broken by the intervention of a new, independent, efficient and intervening cause so that the negligence is not actionable is subject to the qualification that if the intervening cause was foreseen or reasonably might have been foreseen by the wrongdoer, his negligence may be considered the proximate cause of the injury and he may be held liable notwithstanding the intervening cause. The intervening act of a third person does not necessarily relieve the author of an earlier negligent or wrongful act from responsibility when the intervening cause of an injury is of such nature as could reasonably have been anticipated, in which case the earlier negligent act, if it contributed to the injuries, may be regarded as the proximate cause. Garibaldi & Cuneo v. O'Connor, 210 Ill 284; Armour v. Golkowska, 202 Ill 144."

■ It is the law that permitting a vehicle to become overcrowded on the part of a common carrier, while not negligence per se, may be negligence if this condition leads to the exposure of a passenger to danger which the exercise of reasonable foresight would have anticipated and due care avoided. Walsh v. Chicago Rys. Co., 294 Ill 586, 128 NE 647.

■ Courts have recognized that it is characteristic of passengers on crowded conveyances during rush hours to crowd on and to crowd off; to hurry, to

push forward and to surge toward the exits in their impatience to get out. Carriers know these characteristics and are bound to conduct their operations with them in mind. Walsh v. Chicago Rys. Co., supra; Walsh v. Chicago Rys. Co., 216 Ill App 409; Kordick v. Chicago Rys. Co., 187 Ill App 74.

■ Reasonable men could conclude that the injury in this case was caused by a truculent woman who deliberately put her hands on Mrs. Lutz's shoulders and shoved her out of the way when she did not alight immediately at the surprise stop. (This was the opinion of the trial judge who felt that the defendant could not be held accountable for the conduct of third persons over whom it had no control.) We believe, however, that other men, just as reasonable, could conclude that the woman was not just an individual acting independently, but was, rather, the outer edge of the movement toward the front exit and that she put her hands on Mrs. Lutz's back to steady herself against pressure from the rear; that the congested condition within the bus contributed to this forward movement; that it was accentuated by the bus stopping sooner than expected, which created the apprehension among these passengers who wanted to get off that they might not be able to or that they might not make connections with the elevated trains.

The evidence of the plaintiff was sufficient to raise the factual questions of whether the bus was overcrowded, whether the defendant observed the degree of care and caution imposed on it by law in permitting it to be overcrowded and whether this overcrowding was a proximate cause of plaintiff's injury. These questions should have been left to the jury and the defendant's motion for a directed verdict should have been denied.

Reversed and remanded.

McCORMICK, P. J. and SCHWARTZ, J., concur.