2 Ill. App.3d 334 (1971)
276 N.E.2d 351
KATHERINE HOMKA, Deceased, by and through her Administratrix and next friend, LEONORE H. MEZRALKE, Plaintiff-Appellee,
v.
CHICAGO TRANSIT AUTHORITY, Defendant-Appellant.
No. 54519.
Illinois Appellate Court  First District.
October 29, 1971.
*335 George J. Schaller, O.R. Hamlink, Jerome F. Dixon, and Edmund J. Burke, all of Chicago, for appellant.
John E. Cunningham, of Chicago, for appellee.
Judgment affirmed.
Mr. JUSTICE LORENZ delivered the opinion of the court on rehearing:
This is an action brought by an administratrix for injuries suffered by Katherine Homka, deceased, while a passenger on a bus operated by defendant. The deceased died of causes unrelated to this action. The case was tried by the court and resulted in a judgment against defendant in the amount of $9433.58. On appeal defendant contends that:
1) the court erred in denying defendant's motion for judgment notwithstanding its finding;
2) the judgment is contrary to the manifest weight of the evidence;
*336 3) the award for pain and suffering was excessive.
The accident occurred at the intersection of Milwaukee, Kimball and Diversey Avenues at approximately 1:15 A.M. on January 27, 1965. Milwaukee Avenue is a northwest-southeast street. Diversey is an east-west street and Kimball is perpendicular to Diversey. Katherine Homka, plaintiff's deceased, boarded defendant's bus which was westbound on Diversey at the northeast corner of the intersection. The bus driver closed the doors. When the traffic light for westbound Diversey traffic turned green the bus entered the intersection. About one and one-half lengths into the intersection the bus came to a sudden stop. Deceased, who had not yet seated herself was thrown to the floor, sustaining fractures of her left hand and arm.
The three defense witnesses and one plaintiff's witness who testified concerning the occurrence were in substantial agreement. Plaintiff's only occurrence witness, Conketta Maes, a passenger on the bus, stated that she observed a car proceeding west on Diversey but did not see any other vehicle in the vicinity. She was unable to estimate the speed of the bus.
The defense witnesses including the bus driver and two passengers testified that as the bus entered the intersection an automobile, southbound on Kimball, entered the intersection across the path of the bus. Its speed was estimated at 25-30 miles per hour. These witnesses estimated the speed of the bus at the time the brakes were applied as 5-10 miles per hour and 15-20 miles per hour. William Smith, the driver of the bus, stated that he did not see the approaching automobile until it was approximately ten feet from his bus. He applied his brakes immediately. The bus and auto did not collide.
 1 Defendant contends that plaintiff failed to prove negligence and that the court should therefore have granted the defense motion for judgment notwithstanding the court's finding. The test to be applied in ruling upon such a motion is stated in Pedrick v. Peoria and Eastern Railroad Co. (1967), 37 Ill.2d 494 at 510:
* * * (v)erdicts ought to be directed and judgments n.o.v. entered only in those cases in which all of the evidence, when viewed in its aspect most favorable to the opponent, so overwhelmingly favors movant that no contrary verdict based on that evidence could ever stand.
 2, 3 A carrier owes to its passengers the exercise of the highest degree of care Lutz v. Chicago Transit Authority (1962), 36 Ill. App.2d 79. Further, the occurrence of injury to a passenger raises the presumption that this obligation has not been fulfilled. In New York, Chicago and St. Louis Railroad Co. v. Blumenthal, 160 Ill. 40, at 48 the court said:

*337 "The happening of an accident to a passenger during the course of his transportation raises a presumption that the carrier has been negligent. The burden of rebutting this presumption rests upon the carrier. Undoubtedly the law requires the plaintiff to show that the defendant has been negligent. But where the plaintiff is a passenger, a prima facie case of negligence is made out by showing the happening of the accident."
See also Tolman v. Wieboldt Stores, Inc. (1967), 38 Ill.2d 519 at 523. Moreover, the presumption raised by plaintiff's prima facie case is not erased by any evidence of due care on defendant's part, but rather that presumption is passed on to the finder of fact for consideration along with all of the other evidence. See Metz v. Cent. Ill. Elec. & Gas Co. (1965), 32 Ill.2d 446.
 4-6 Thus, when confronted with defendant's motion the court could properly consider the presumption raised by plaintiff's evidence and the rebuttal evidence of due care presented by the defense. The two passengers who testified for the defense stated that they observed the southbound auto before it entered the intersection but defendant's driver stated that he first observed the auto when it was about ten feet from his bus. The driver of a vehicle, regardless of right-of-way, retains a duty to maintain a proper lookout for other vehicles. (See Conner v. Mc Grew, (1961) 32 Ill. App.2d 214 at 217 and Sullivan v. Certified Grocers of Illinois, Inc. (Ill. App., June 18, 1971), No. 54071.) In view of this evidence and the high standard of care owed its passengers by a common carrier, we conclude that negligence was properly a question for the finder of fact and that the court did not err in denying defendant's motion. See Dodds v. Chicago Transit Authority (1956), 9 Ill. App.2d 388.
 7, 8 We are also unable to accept defendant's arguments that the finding of the court as to negligence was contrary to the manifest weight of the evidence. To be against the manifest weight of the evidence it is required that an opposite conclusion must be clearly evident. (See Hulke v. International Mfg. Co. (1957), 14 Ill. App.2d 5.) For the reasons stated supra we do not consider this to be such a case.
 9 Defendant's final contention is that decedent's pain and suffering were not proved to be the consequence of injuries suffered in the accident and that the judgment for pain and suffering was excessive by about $6000. Her out-of-pocket expenses were $1188.80. Plaintiff's witness's testified that decedent suffered pain immediately after her injury, at the conclusion of her stay in the hospital, and subsequently during her stay at home. Defendant, relying upon Manion v. Brant Oil Co. (1967), 85 Ill. App. 129 argues, however, that the causal connection *338 between the pain and injury suffered on defendant's bus required proof. Manion was an action for wrongful death. The death occurred nearly one year after the automobile accident in which the plaintiff's decedent was injured. An autopsy revealed that death resulted from progressive natural causes. The plaintiff's experts offered their opinions that decedent's pre-existing conditions were aggravated by injuries sustained in the accident. The court in reversing a judgment for the plaintiff found that the expert testimony was without any physiological basis and that the causal link between the death and the injuries had not been established. We do not believe that the rule in Manion has application in the case at bar. This is an action for injuries and the plain and suffering resulting therefrom. Defendant stipulated to medical records describing multiple fractures of the decedent's left arm and hand and clearly indicating resultant pain. The causal relationship between those fractures and decedent's pain, unlike that between the injuries and death in Manion, is neither unusual nor speculative. We, therefore, conclude that the evidence was sufficient to establish the causative link between the injuries sustained as a result of the fall on defendant's bus and and decedent's subsequent pain and suffering.
 10 Similarly, we are not persuaded by defendant's assertions that the amount of the award was so excessive as to be the result of passion and prejudice. See Lau v. West Towns Bus Co. (1959), 16 Ill.2d 442.
Judgment affirmed.
ENGLISH, P.J., and DRUCKER, J., concur.