Lois M. Anderson *et al.*, Plaintiffs-Appellants, *v.* Yellow Cab Company *et al.*, Defendants-Appellees.—(Garland W. Campbell *et al.*, Defendants.)

(No. 60195;

First District (3rd Division)—May 1, 1975.

Heller & Morris, and Torshen, Fortes & Eiger, Ltd., both of Chicago, for appellants.

Jesmer and Harris, of Chicago (Julius Jesmer and Charles E. Tannen, of counsel), for appellees.

Mr. JUSTICE DEMPSEY delivered the opinion of the court:

The plaintiff, Lois Anderson, was shot when a gun in the pocket of a passenger discharged as she entered a Yellow cab. She sued the passenger, Leon Joiner, the driver of the cab, John Hearns, the Yellow Cab Company and certain dram shop defendants for damages. Courts I and II of her complaint which alleged the negligence of Hearns and the cab company were dismissed for failure to state a cause of action and the plaintiff appealed.

The plaintiff concedes that Count II of her complaint did not state a cause of action. She also concedes that one of the points raised in her brief, that Hearns violated an ordinance of the City of Chicago by stopping to pick her up when he already had a passenger in his cab, is ill-founded. Her remaining contention is that Count I of her complaint stated a cause of action because Hearns, as the agent of the Yellow Cab Company, breached the duty of high care the company owed to its passengers to protect them from reasonably foreseeable injuries.

On July 29, 1972, at about 2:15 A.M., Hearns was driving his cab south on Cottage Grove Avenue in Chicago. Joiner was his only passenger. The plaintiff and a friend were standing on the corner of 67th Street and Cottage Grove and they hailed the taxi. Joiner recognized the plaintiff's friend and told the driver to stop and pick them up. According to the plaintiff's complaint, Hearns was aware that Joiner was "high" or intoxicated or not acting in a normal manner but despite this he pulled his cab over to where the plaintiff and her companion were standing. Joiner had a conversation with the plaintiff and in the process pulled out a roll of bills and showed it to her. The plaintiff started to get into the taxi. As she did so, Joiner put the currency back into his pocket and a gun that was in one of his pockets fired. The plaintiff was struck by the bullet and suffered permanent injuries including paralsyis from the waist down.

■■ A taxicab is a common carrier. A common carrier of passengers is required to do all that human care, vigilance and foresight can reasonably do to carry a passenger safely, consistent with the mode of conveyance adopted and the practical operation of its business. (*Lutz v. Chicago Transit Authority* (1962), 36 Ill.App.2d 79, 183 N.E.2d 579.) This duty includes the obligation of using due diligence to protect its passengers from assault, injury and abuse by third persons. (*Letsos v. Chicago Transit Authority* (1969), 118 Ill.App.2d 26, 254 N.E.2d 645.) A carrier will be held liable for misconduct by one passenger which causes injury to another where the carrier has reason to anticipate the incident, and fails to exercise the degree of care and vigilance practicable under the circumstances to prevent injury. *Letsos v. Chicago Transit Authority* (1970), 47 Ill.2d 437, 265 N.E.2d 650.

In *Chicago & Alton R.R. Co. v. Pillsbury* (1887), 123 Ill. 9, 14 N.E. 22, the court said that a carrier is under a duty to omit no care to discover and prevent danger to a passenger or passengers that is reasonable and practicable. The common carrier in that case was held liable for injuries sustained by one of its passengers. The railroad had been transporting nonstrikers during a strike. Police were needed to protect the nonstrikers as they boarded the train because strikers gathered around the train and hooted, jeered and threw rocks. On the day the plaintiff was injured, the nonstrikers boarded the train amidst a particularly angry crowd of strikers. The nonstrikers sat in cars with other passengers including the plaintiff. About a mile and a half from the boarding point, the train stopped for a crossing and strikers got on the train, entered the cars where the nonstrikers were sitting, beat them and indiscriminately fired guns. The plaintiff was hit by a bullet. The court held that it might reasonably have been inferred that there was danger to passenger cars carrying the nonstrikers and common prudence should have included the taking of extraordinary precautionary measures. Stopping the train was held to be unwise and hazardous under the circumstances.

The common carrier was also liable for a passenger's injury in *Blackwell v. Fernandez* (1945), 324 Ill.App. 597, 59 N.E.2d 342. In *Blackwell* the defendant who had been drinking heavily boarded a streetcar. He quarreled with the conductor about his fare, insulted fellow passengers and used obscene language. He started a fight with one passenger, drew a knife and then stabbed and killed him. The court determined that the conductor of the streetcar must have been "dull indeed" if he did not know that the defendant was causing trouble and that the train crew failed to provide the highest degree of care they owed to the plaintiff.

In both cases the common carrier had sufficient indications of danger to its passengers to necessitate protective measures for their safety. In the present case the warning to Hearns was hardly comparable and may have been non-existent. The complaint charged that Joiner was "high," intoxicated or not acting in a normal manner. It did not say that he was quarrelsome, abusive or belligerent. Other than that he was high or intoxicated, there was no description of his manner. If he were either high or intoxicated he could easily have been in a good mood, friendly and jovial. He knew one of the persons hailing the taxi and was willing to share his cab with them. There was no sign that he meant to harm them. His conversation with the plaintiff seems to have been friendly. She started to get into the taxi so she could not have been aware of danger or anticipated harm. The discharge of the concealed gun was unforeseeable to her as well as to the cab driver.

██ In order to be actionable, an injury must be the natural and probable result of a negligent or otherwise culpable act or condition and be of such a character that an ordinarily prudent person ought to have foreseen it as likely to occur. (*Donehue v. Duvall* (1968), 41 Ill.2d 377, 243 N.E.2d 222.) Whether harm was legally foreseeable bears on what was apparent to the defendant at the time of his complained of conduct and not what may appear through the exercise of hindsight. (*Cunis v. Brennan* (1974), 56 Ill.2d 372, 308 N.E.2d 617.) The likelihood of injury, the magnitude of the burden of guarding against it and the consequences of placing that burden upon the defendant should also be considered. *Lance v. Senior* (1967), 36 Ill.2d 516, 224 N.E.2d 231.

██ The allegations of the complaint did not present a case where the cab driver or his principal could be held accountable for not foreseeing danger from the intoxicated condition of the first passenger, or for not taking precautionary measures to prevent possible injury to the second passenger the cab stopped to pick up. The complaint did not state a cause of action and its dismissal is affirmed.

Affirmed.

McGLOON, P. J., and MEJDA, J., concur.