DARLENE M. DEAN, Indiv. and as Personal Representative of the Estate of Marie Handbrough, Deceased, Plaintiff-Appellee, v. JOHN H. YOUNG, JR., Indiv. and as Agent of John Black Livery Corporation, *et al.*, Defendants-Appellants.

First District (1st Division)   No. 1—92—2874

Opinion filed March 21, 1994.

Stern & Rotheiser, of Chicago (Robert D. Shearer, Jr., of counsel), for appellants.

Chadwick & Lakerdas, of Chicago (Sturgis E. Chadwick III, of counsel), for appellee.

JUSTICE O'CONNOR delivered the opinion of the court:

On December 6, 1985, at approximately 2 p.m., an auto accident occurred in front of 137 North Wabash Avenue in Chicago. The vehicles involved were a Volkswagen Beetle and a "medi-van," which is a van equipped for transporting people in wheelchairs. The Volks-

wagen was driven by defendant Terry Lynn Dial, and the medi-van was driven by defendant John H. Young who, at the time, was acting in his capacity as employee of defendant John Black Livery Corporation, a common carrier. As a result of the accident, Marie Handbrough, a passenger in the van, suffered a broken ankle. She filed this negligence action against Young and John Black Livery Corporation (collectively Young) and Dial; however, she died prior to trial from causes unrelated to the accident. Handbrough's daughter, Darlene Dean, substituted as plaintiff.

Dean alleged that Young and Dial were negligent by violating numerous provisions of the Illinois Vehicle Code (Ill. Rev. Stat. 1985, ch. 95$^1$/2, par. 1—100 *et seq.*), including driving too fast for conditions and failing to keep a proper lookout for other vehicles.

All of the occurrence evidence came in through the testimony of the two individual defendants, who were called as witnesses by the plaintiff. John H. Young testified that he picked up Handbrough at her doctor's office in downtown Chicago on December 5, 1985. The weather was clear, and the streets were dry. Young was to drive Handbrough to her home. Handbrough, 61 at the time, was not confined to a wheelchair, but she needed transportation assistance.

Young was driving west on Randolph Street and turned south, into the left lane of Wabash Avenue, which runs one way, southbound. He intended to make another left turn onto Washington Street, a distance of one city block from Randolph Street. He was driving completely within the left lane between 10 and 15 miles per hour when the left front of Dial's car hit the right front of the van. Young did not see the Volkswagen prior to impact.

On impact, Handbrough, who was belted into her seat, was thrown forward in her chair, though she did not fall to the floor. Young got out of the van, went to the passenger area, and lifted Handbrough back into her seat, where she remained until an ambulance arrived to take her to the hospital.

Terry Lynn Dial's testimony differed only slightly from Young's. Dial testified that just prior to the accident he was stopped behind other cars at a red light in the right southbound lane on Wabash Avenue, just south of Randolph Street. He intended to change lanes so that he, like Young, could turn left onto Washington Street. Dial signaled that he was going to change lanes. He looked over his shoulder—though it is unclear which shoulder he looked over—and saw no approaching traffic in the left lane. He began to accelerate to change lanes and drove into the van driven by Young. Dial heard a car horn and screeching brakes just prior to impact, though he did not know whose horn it was or from where the screeching emanated. Dial saw

skid marks on Wabash Avenue behind Young's van after the accident. During closing arguments, the attorneys for Dial and plaintiff argued that these skids were from Young's van and constituted evidence that he was speeding just prior to the accident.[1]

The trial court denied Young's motion for a directed verdict at the close of plaintiff's case, and the defendants rested without presenting additional evidence. In sending the case to the jury, the trial judge issued a *res ipsa loquitur* instruction only as to Young, on the theory that a livery service, as a common carrier, owes the highest duty of care to its passengers, and thus, in the absence of negligence on the part of Young, the accident here would not have occurred. The jury found both defendants liable—Dial 60% and Young 40%—for damages amounting to $77,573.55. Young appeals.[2]

■ Young claims that the jury's verdict was against the manifest weight of the evidence. However, because of the procedural effect of *res ipsa loquitur*, we are unable to address this issue. The doctrine of *res ipsa loquitur* affords a plaintiff a permissible inference that a defendant acted negligently if the plaintiff can establish (1) that the instrumentality which caused the injury to plaintiff is under the control or management of the party charged with negligence, and (2) that the occurrence was one that in the ordinary course of events would not have happened had the defendant exercised due care. *Metz v. Central Illinois Electric & Gas Co.* (1965), 32 Ill. 2d 446, 448-49, 207 N.E.2d 305.

*Res ipsa* does not shift the burden of proof to the defendant. Rather, it shifts the burden of evidentiary production. That is to say, if *res ipsa* is applicable in a given case, defendant does not have to prove he was not negligent; yet the plaintiff, in order to satisfy her burden of proof, need not present evidence in addition to that required to establish the applicability of the *res ipsa* doctrine. Thus, if the defendant presents no evidence, he risks the jury finding him negligent based solely on the occurrence of an accident. For this reason, we cannot examine the manifest weight of the evidence in this case. Once the *res ipsa* instruction was given, the jury was permitted to find for the plaintiff, regardless of the "weight," as it were, of the

---

[1]The accident occurred only a few car lengths south of the intersection of Randolph Street and Wabash Avenue. Furthermore, the Chicago Transit Authority elevated structure, with its attendant steel beams extending down into the pavement, stands over Wabash Avenue. Thus, we think it improbable that Young could have accelerated, after turning onto Wabash Avenue, to a point at which he was speeding. The record does not indicate that Young received a speeding ticket or other citation after the accident.

[2]Dial has not appealed the verdict against him.

evidence. Any challenge to the quantum of evidence must have been one challenging the denial of the defendants' motion for directed verdict, an issue Young did not present to this court.

■ Nonetheless, we agree with Young's contention that the trial judge erred in issuing the *res ipsa loquitur* instruction to the jury. The applicability of the *res ipsa* doctrine in a given case is a question of law for this court to decide. (*Gatlin v. Ruder* (1990), 137 Ill. 2d 284, 560 N.E.2d 586; *Imig v. Beck* (1986), 115 Ill. 2d 18, 503 N.E.2d 324.) In *Krump v. Highlander Ice Cream Co.* (1961), 30 Ill. App. 2d 103, 105, 173 N.E.2d 822, this court held that in a situation involving divided responsibility—there, like here, a collision between two automobiles resulting in injury to a third party—a *res ipsa loquitur* instruction is inappropriate. The reasoning for this, though not expressed by the *Krump* court, is apparent. When two potential tortfeasors are involved in an occurrence, neither party can be in exclusive control of all of the instrumentalities involved, as required by *Imig*.

Although a common carrier is presumed to have been negligent when it is involved in an accident which injures a passenger (*Homka v. Chicago Transit Authority* (1971), 2 Ill. App. 3d 334, 336, 276 N.E.2d 351), and although the *Krump* court noted that a presumption of negligence arises on the part of one or both vehicles in circumstances such as those involved here which enables a plaintiff's complaint to withstand a motion for directed verdict, no special instruction is indicated by the Illinois Pattern Jury Instructions, Civil (3d ed. 1990) (IPI Civil 3d), or warranted by our decisions. Thus, contrary to plaintiff's assertions, the fact that a livery company is a common carrier has no impact upon the application of the *res ipsa* doctrine.

Indeed, the jury was instructed pursuant to IPI Civil 3d No. 100.01 of the defendants' enhanced duty as a result of their status as a common carrier. This is particularly important here because the *res ipsa* instruction only applied to the livery company. The jury was basically instructed that it could find Young negligent merely because the accident occurred, regardless of the legal principle that any presumption of negligence in this case applied equally to Dial. Dial admittedly drove into Young's van while Young was apparently driving lawfully in his lane. As IPI Civil 3d No. 100.01 states, Young was not necessarily negligent here, despite his status as driver for a common carrier. Yet the *res ipsa* instruction almost insured the result. Therefore, a new trial is required.

Given our disposition of this case, we see no need to address Young's final claim that the trial court erred in denying a motion *in limine* which sought to exclude, pursuant to Supreme Court Rule 219(c)(iv) (134 Ill. 2d R. 219(c)(iv)), the testimony of Marie Hand-

brough's daughters, one of whom was Darlene Dean, the substituted plaintiff. Young argues that the trial court was required to bar their testimony because the witnesses were not disclosed until the eve of trial despite defendants' request for a witness list as early as November 26, 1986. On remand, the witnesses will no longer be undisclosed. Thus, Young's final claim is essentially moot.

In accordance with this opinion, we remand this case to the trial court to hold a new trial on the liability of defendants John H. Young and John Black Livery Corporation. The judgment as to defendant Terry Lynn Dial remains in effect, and until such time as the defendants on appeal are retried, and after if they are found not negligent, defendant Dial shall be responsible for the entire amount of the judgment under the doctrine of joint and several liability. See *Coney v. J.L.G. Industries, Inc.* (1983), 97 Ill. 2d 104, 454 N.E.2d 197.

Reversed and remanded for a new trial to determine the liability of defendants John H. Young and John Black Livery Corporation.

Reversed and remanded.

CAMPBELL, P.J., and MANNING, J., concur.

