RUTH E. MILES, Plaintiff-Appellant, *v.* SEARS, ROEBUCK AND COMPANY, Defendant-Appellee.

(No. 70-269;

Second District—August 31, 1971.

Berry, Simmons & Coplan, of Rockford, for appellant.

Keegan & Gosdick, of Rockford, Arnstein, Gluck & Weitzenfeld, of Chicago, for appellee.

Mr. JUSTICE ABRAHAMSON delivered the opinion of the court:

Plaintiff sued to recover damages for injuries she sustained when her automobile was struck in the rear by a truck owned by Flowers by Connie, Inc., and driven by its employee, James Edmonds. Named as defendants were Flowers by Connie, Inc., James Edmonds and Sears, Roebuck and Co., who employed an off-duty policeman to direct traffic on a public street near its parking lot. Defendants Flowers by Connie, Inc., and James Edmonds were dismissed from said action upon a stipulation for dismissal which recited that plaintiff's claim against those defendants had been settled. Thereafter, on April 18, 1969, the defendant filed an amended complaint alleging that the accident was caused by Sears, Roebuck and Co. (hereinafter referred to as Sears) and its agent, an off-duty policeman. The trial court granted a summary judgment for the defendant. The plaintiff has appealed, alleging that there is a genuine issue as to a material fact, and the trial judge improperly entered summary judgment in favor of the defendant.

On March 29, 1963, Sears had a retail store on the east side of North Main Street in the City of Rockford. A parking lot is maintained south of the store, and it has an exit onto North Main Street. North Main Street is a one-way street, with three lanes of traffic proceeding in a northerly direction. At about 4:00 P.M. that day, the plaintiff was driving her automobile northerly at a speed of 25 to 35 miles per hour in the westernmost lane of North Main, and there was traffic ahead of her in other lanes, alongside of her on the east, behind her, and behind her to the east. The vehicle behind the plaintiff was the truck driven by Edmonds, originally a co-defendant. The truck was traveling at about the same speed as the plaintiff's car. About 50 to 75 feet south of the point where the parking lot exits onto North Main, the plaintiff saw a policeman in the middle of the street, signaling traffic to stop. Plaintiff stopped as did all other traffic alongside of her to the east and to the east but behind her, except for the truck driven by Edmonds. After she had stopped about five seconds, her automobile was hit in the rear by Edmonds' truck. On deposition he testi-

fied that he had seen the policeman on the curb, but just before the accident his attention was called to a lady, with an armful of packages, approaching the west curb from the sidewalk, and he thought she might enter the street. He did not see the plaintiff come to a stop. When he first noticed her car, after looking at the woman with the packages in her arms, he applied his brakes but collided with her. Plaintiff and Edmonds were both familiar with North Main Street in this area as they had driven it many times, and both knew that from time to time there was a uniformed policeman directing traffic at the Sears parking lot.

The defendant filed a motion for summary judgment and in support thereof, filed an affidavit together with the depositions of the plaintiff and the former defendant, Edmonds. Plaintiff did not file any counter-affidavits. Upon considering the motion and having read the depositions, and hearing the arguments of counsel, the trial judge entered an order for summary judgment in favor of the defendant, Sears.

The plaintiff, in her brief, states that Edmonds was obviously guilty of causing the collision because he did not watch out for plaintiff's automobile which was lawfully stopped by a police officer, but poses the question of whether the police officer was not also guilty of causing the accident. Plaintiff says the police officer was guilty of negligence contributing to the accident because he lacked judgment, did not make a proper signal and chose a time and distance within which to stop traffic so that he set the stage for an overtaking driver, who looked away, to strike the plaintiff's car. Thus, the plaintiff states that the defendant, Sears, is liable for the negligence of its employee, the off-duty police officer.

If there is no genuine issue as to any material fact, then, as a matter of law, the trial judge properly considered the motion for summary judgment. (Ill. Rev. Stat. 1969, ch. 110, par. 57.) Having read the depositions and the affidavit of the defendant in support of its motion for summary judgment, we conclude that no material issue of fact was presented so as to prevent the entry of a summary judgment. In arriving at this conclusion, we have determined that fair-minded persons could not draw different inferences from the facts so that a triable issue exists. On a motion for summary judgment, the court is obligated to construe the pleadings, depositions and affidavits most strictly against the moving party. (*Lumbermans Mutual Casualty Co. v. Poths,* 104 Ill.App.2d 80, 88.) It appears that both Edmonds and the plaintiff were familiar with the street; they knew that a policeman would be directing traffic, at the place where the accident occurred, at certain times during traffic congestion; and both saw the policeman prior to the accident. Edmonds knew that the plaintiff's automobile was in front of him when he turned

to look at the lady on the sidewalk. Furthermore, plaintiff had been stopped approximately five seconds when Edmonds hit her automobile from the rear, although all other traffic around him stopped without any accident. It seems apparent that Edmonds had enough time to stop had he maintained a safe lookout, kept control of his vehicle, and used reasonable precautions to avoid a collision with the plaintiff. It has been held many times that a driver of an automobile who does not maintain a proper lookout and use every reasonable precaution to avoid a collision with the traffic ahead is negligent. *Ferguson v. Zeman*, 109 Ill.App.2d 417, 420; *Barnash v. Rubovits*, 46 Ill.App.2d 409, 412; *Conner v. McGrew*, 32 Ill.App.2d 214, 218.

Under the circumstances, we conclude that the plaintiff, even when the evidence is construed most favorably to her, could not prove an essential element of her case, namely, negligence of the policeman which was a proximate cause of the accident. Therefore, the entry of summary judgment in favor of the defendant was proper (*Shramek v. General Motors Corp.*, 69 Ill.App.2d 72, 77), and the judgment of the circuit court of Winnebago County is affirmed.

Judgment affirmed.

MORAN, P. J. and GUILD, J., concur.