MARY L. OLSON, Plaintiff-Appellee, *v.* MIGUEL R. ORTIZ *et al.*, Defendants-Appellants.

Second District    No. 77-143

Opinion filed June 6, 1978.

Roger W. Eichmeier and Donald J. Simantz, both of Matthews, Dean, Eichmeier, Goodin & Mrkvicka, of Aurora, for appellants.

Herbert P. Veldenz and Fred Lambruschi, both of Chicago, for appellee.

Mr. JUSTICE BOYLE delivered the opinion of the court:

This appeal arises out of a December 3, 1973, automobile accident between a car driven by the plaintiff-appellee, Mary L. Olson, hereafter the plaintiff, and a semi-trailer truck owned by defendant-appellant, North American Furniture Company, and driven by defendant-appellant, Miguel R. Ortiz, hereafter collectively referred to as the defendants. A jury trial was conducted in Du Page County Circuit Court, the Honorable Philip F. Locke presiding. However, at the close of all the evidence, Judge Locke directed a verdict for the plaintiff on the question of liability. The matter was submitted to the jury for an assessment of damages. A verdict of $16,000 was returned. The defendants have appealed, contending that the trial court erroneously directed the verdict on the question of liability. We find the defendants' argument to be persuasive, and accordingly, we reverse the judgment of the circuit court of Du Page County and remand the cause for a new trial.

The accident in question occurred at approximately 11:30 a.m. on

December 3, 1973, at the intersection of Butterfield Road and Downers Drive in Downers Grove, Illinois. The day was overcast, but the road was clean and dry.

According to the plaintiff, she was approaching the stop light at the intersection of Butterfield Road and Downers Drive from the east at approximately 35 miles per hour—10 miles per hour less than the speed limit at that point. The plaintiff testified that at a distance of approximately 1,000 feet she first noted the stop light, which was green. At 500 feet she noticed the defendants' truck stopped in the intersection, signaling a left turn. The light was still green. When she was approximately 75 feet from the intersection, the defendant began to turn. She put on her brakes, but nonetheless was unable to stop before striking the rear of the 54-foot semi-trailer truck, just as it was completing its turn.

Defendant Ortiz testified that he was stopped for a red light at the intersection and signaling a left turn. When the light turned green, he began his turn. He started out in low second gear and had shifted to low third and was traveling at approximately 10 miles an hour when he felt the plaintiff's car strike the very end of the semi-trailer truck just as he was completing the turn. When he had begun his turn, the plaintiff was approximately a half a block away. During the taking of his deposition, defendant Ortiz had estimated a half a block to be anywhere from 50 to 150 feet in length. These estimates were brought to the jury's attention by plaintiff's counsel when defendant Ortiz testified under section 60 of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 60). When called as a defense witness, defendant Ortiz compared a half a block to a distance between the courtroom and a landmark that could be viewed from the courtroom window.

Officer Sam Nooner of the Downers Grove Police Department testified that there did not appear to be any damage to the defendants' truck and that the damage to plaintiff's car was confined to the right front end. The officer determined the point of impact to have been in the center of the intersection in the inside, westbound lane of Butterfield Road. Finally, Officer Nooner testified he observed skid marks from the plaintiff's car but they were only six inches in length.

After the close of all the evidence, the plaintiff moved for a directed verdict on the question of liability. The trial judge granted the motion, making the following comment:

> "Well, I think the law is pretty clear that the burden is on the turning vehicle not to make the turn unless he can clear the intersection before the arrival of the other traffic. So the motion will be granted."

■■ In making the above comment, the trial judge appears to have been

relying upon section 11—902 of the Illinois Rules of the Road (Ill. Rev. Stat. 1975, ch. 95½, par. 11—902) concerning left turns across traffic. However, that section does not impose strict liability upon the turning vehicle. An objective standard must be employed to determine if the driver of the turning vehicle breached his duty of ordinary care. (*Henderson v. Backus* (1974), 24 Ill. App. 3d 139, 320 N.E.2d 455.) Normally it is the function of the jury to decide if the driver of the turning vehicle breached his duty. However, in the case at hand, the trial judge took that question from the jury by directing a verdict in the plaintiff's favor on the question of liability.

*Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494, 229 N.E.2d 504, sets forth the standard to be utilized when directing a verdict. That standard is as follows:

> "In our judgment verdicts ought to be directed and judgments *n.o.v.* entered only in those cases in which all of the evidence, when viewed in its aspect most favorable to the opponent, so overwhelmingly favors movant that no contrary verdict based on that evidence could ever stand." 37 Ill. 2d 494, 510, 229 N.E.2d 504, 513-14.

In applying *Pedrick*, the question of whether or not the plaintiff was contributorily negligent must also be considered. Normally, contributory negligence is a question of fact to be determined by the jury and should be taken from the jury only in those instances where reasonable men, when viewing the evidence in the aspect most favorable to the defendant, could come to but one conclusion—that being that the plaintiff was free from contributory negligence. *Orlandi v. Caraway* (1973), 9 Ill. App. 3d 628, 293 N.E.2d 337.

■■ In the case at hand, when the evidence is viewed in the light most favorable to the defendant it shows the defendant to have commenced a left turn after having been stopped at the red light when the plaintiff, traveling 36 miles per hour, was at least 150 feet away. A reasonable jury might well have concluded that had the plaintiff been maintaining a proper lookout she would have had sufficient time to brake and avoid the accident. Since all drivers, regardless of who has the right of way, have a duty to maintain a proper lookout and to use every precaution to avoid a collision (*Waldron v. Hardwick* (1968), 99 Ill. App. 2d 36, 240 N.E.2d 772; *Miles v. Sears, Roebuck & Co.* (1971), 1 Ill. App. 3d 144, 273 N.E.2d 68; *Homka v. Chicago Transit Authority* (1971), 2 Ill. App. 3d 334, 276 N.E.2d 351), the jury *could* have concluded that the plaintiff failed to maintain a proper lookout and, hence, was contributorily negligent.

Therefore, we conclude that a jury, when viewing the evidence in the light most favorable to the defendant, *could* have found the plaintiff to

have been contributorily negligent and on that basis returned a verdict in the defendants' favor. For that reason we reverse the judgment of the circuit court of Du Page County and remand this cause for a new trial.

Reversed and remanded.

SEIDENFELD, P. J., and WOODWARD, J., concur.