Glenda MILLER *v.* HOMETOWN PROPANE GAS, INC.

CA 02-1044     110 S.W.3d 304

Court of Appeals of Arkansas
En Banc
Opinion delivered April 30, 2003

*James R. Wallace & Associates,* by: *Kimberly C. Bosshart,* for appellant.

*Womack, Landis, Phelps, McNeill & McDaniel,* by: *David Landis, Mark A. Mayfield,* and *Dustin H. Jones,* for appellee.

P ER CURIAM. In this case, appellant alleged that an explosion, which destroyed her home on September 22, 1999, was caused by appellee's negligence. Appellee had been to appellant's home earlier that day to refill her propane tank. The explosion occurred just after appellant checked the lines in her appliances by running a Bic lighter over them. After a trial, the jury assigned eighty percent of the fault to appellant and twenty

percent to appellee. On appeal, appellant makes three evidentiary arguments: 1) that the trial court improperly excluded as hearsay her testimony regarding the contents of a message she left on appellee's answering machine on the day of the explosion; 2) that the trial court erred in allowing appellee's current owner, Doyle Durdin, to testify that he would have done nothing differently than the service man who went to appellant's house; and 3) that the trial court erred in allowing appellee's counsel to use a Bic lighter as a demonstrative aid during opening argument. A fourth argument concerns the propriety of the jury being instructed on the doctrine of "last clear chance." Finally, appellant makes a brief argument that the jury's verdict was inconsistent because, while it found her to be eighty percent at fault, which under Arkansas law would preclude her recovery, it found that she sustained $15,000 in damages.

In our review of this case, we have discovered that appellant's 444-page Addendum contains nearly 300 pages of material that bear no relation to the issues in this case or our understanding of them. For example, the Addendum includes 179 pages of medical records, but neither the amount of appellant's damages nor her medical condition are at issue on appeal. Further, the Addendum contains eighty-one pages regarding the deposition testimony of appellant's expert Rex White; however, there is no issue on appeal that involves White, who did not even testify at trial. Additionally, another thirty pages of the Addendum concern the value of lost property and lost wages or other matters that are not at issue on appeal. We also note that several pages of appellant's Abstract are devoted to these same subjects.

An appellant's Addendum shall include a copy of the order appealed from, "along with any other *relevant* pleadings, documents, or exhibits essential to an understanding of the case and the Court's jurisdiction on appeal." Ark. R. Sup. Ct. 4-2(a)(8) (2002) (emphasis added). The appellant's Abstract should consist of *"only such material parts of the* testimony of the witnesses and colloquies between the court and counsel and other parties *as are necessary to an understanding of all questions presented to the Court for decision."* Ark. R. Sup. Ct. 4-2(a)(5) (2002) (emphasis added). Appellant's Addendum and Abstract fail to comply with these rules. The emphasized portions of these rules reflect an obligation by an appellant, in preparing her Addendum, to not merely copy the record but give some

thought to whether the materials in the Addendum will be useful to the court in deciding the issues on appeal.

Although we are mindful that the decision of what to include in an Addendum or Abstract may be a difficult one and that counsel will often err on the side of inclusion, the Addendum and Abstract in this case contain an inordinate amount of material that cannot conceivably be said to bear any relevance to the issues on appeal or be helpful to our understanding of the case. Had appellant filed a proper brief, its current size would be reduced by nearly two-thirds.

For the reasons stated, and pursuant to Ark. R. Sup. Ct. 4-2(b)(3) (2002), we afford appellant the opportunity to file a substituted Abstract, Addendum, and Brief within fifteen days of the date of this per curiam.

Rebriefing ordered.

ROAF, J., dissents.