

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CV-12-1011

| | |
|---|---|
| GSS, LLC<br>APPELLANT | **Opinion Delivered** September 4, 2013 |
| V. | APPEAL FROM THE GARLAND COUNTY CIRCUIT COURT<br>[NO. CV-2010-2511] |
| CENTERPOINT ENERGY GAS TRANSMISSION COMPANY<br>APPELLEE | HONORABLE LYNN WILLIAMS, JUDGE |
| | REBRIEFING ORDERED |

## BILL H. WALMSLEY, Judge

In this condemnation case, a Garland County jury awarded the appellant landowner, GSS, LLC, $64,000 as just compensation for a pipeline-easement taking by appellee, Centerpoint Energy Gas Transmission Co. On appeal, GSS argues that the circuit court committed an evidentiary error at trial and improperly granted summary judgment on GSS's counterclaim against Centerpoint. We decline to reach the merits of these arguments and order rebriefing to correct certain deficiencies.

Appellant's statement of the case describes a divorce action rather than the facts of the present appeal. A statement of the case should be sufficient to enable the appellate court to understand the nature of the case, the general fact situation, and the action taken by the trial court. Ark. Sup. Ct. R. 4-2(a)(6) (2012). The current statement is not relevant to the matter at hand and therefore does not comply with Rule 4-2(a)(6). We therefore order rebriefing to allow appellant to cure this defect and provide a proper statement of the case. Ark. Sup. Ct.

R. 4–2(b)(3) (2012). Appellant has fifteen days from the date of this order to file a substituted brief that conforms with our rules. *Id.*

Appellant should also remove the deposition transcripts and hearing transcripts contained in his addendum. The transcripts were appended to motions or related papers filed in circuit court. Arkansas Supreme Court Rule 4–2(a)(8)(A)(i) provides that, if a transcript (stenographically reported material) of a hearing, deposition, or testimony is an exhibit to a motion or related paper, the material parts of the transcript "shall be abstracted, not included in the addendum." GSS has correctly abstracted certain deposition and hearing transcripts. But our rules require that these items not be placed in the addendum. *See id.*; *Skalla v. Canepari*, 2013 Ark. 249 (per curiam). Appellant's substituted brief should therefore delete the stenographically reported material from the addendum.

We strongly urge counsel to review our briefing rules to ensure that no other deficiencies exist. Failure to comply with this rebriefing order within the prescribed time may result in affirmance. Ark. Sup. Ct. R. 4–2(b)(3); Ark. Sup. Ct. R. 4–2(c)(2) (2012).

Rebriefing ordered.

GLADWIN, C.J., and HARRISON, J., agree.

*Huffman Butler, PLLC*, by: *Bryan R. Huffman*, for appellant.

*Smart & Stone, PLLC*, by: *Phillip A. Stone*, for appellee.