SLIP OPINION

Cite as 2015 Ark. App. 424

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CV–14–930

| | |
|---|---|
| ROCHELLE THOMPSON and TIMOTHY THOMPSON<br><br>APPELLANTS<br><br>V.<br><br>TYSON FOODS, INC.<br>APPELLEE | **Opinion Delivered** AUGUST 26, 2015<br><br>APPEAL FROM THE JEFFERSON COUNTY CIRCUIT COURT<br>[NO. CV-11-571]<br><br>HONORABLE JODI RAINES DENNIS, JUDGE<br><br>REVERSED AND REMANDED |

## DAVID M. GLOVER, Judge

Timothy Thompson was employed by Tyson Foods in September 2008 when he began exhibiting signs of confusion as he was clocking out from his late-night shift at approximately 2:00 a.m. A concerned fellow employee took him to the nursing station, which federal regulations undisputedly require Tyson to provide. The licensed practical nurse administered a drug test, which was negative, but did not take Timothy's vital signs and did not summon emergency-medical personnel. Rather, Timothy was driven home. His wife, appellant Rochelle Thompson, subsequently drove him to the hospital. At approximately 6:00 a.m., Timothy suffered a major stroke and remains paralyzed on his right side. He filed a complaint against Tyson, alleging three counts of negligence and one count of breach of implied contractual obligations. He appeals from the trial court's grant of summary judgment in favor of Tyson Foods, Inc. We reverse and remand.

*Procedural Background*

The Thompsons filed their complaint against Tyson Foods on September 16, 2011. It alleged three counts of negligence based on 1) lack of training, supervision, and monitoring; 2) failure to provide emergency medical treatment; and 3) failure to provide appropriate medical assistance. It also alleged the breach of implied contractual obligations.

Tyson filed its motion for summary judgment on September 19, 2013. The motion argued that the complaint constituted a medical–malpractice case against Tyson; that the only expert identified by the Thompsons was a registered nurse, who was not qualified to give an expert opinion on the element of proximate causation pursuant to Arkansas Code Annotated section 16-114-206 and Ark. R. Evid. 702; that the report from Dr. Hank Simmons, which was attached to the motion as an exhibit, opined that there was no causal connection between any act or omission by Tyson and Timothy's alleged medical injuries; and that, accordingly, Timothy could not meet his "burden of proof under the AMMA [Arkansas Medical Malpractice Act] as a matter of law, and [could not] meet proof with proof as required by Rule 56 of the Arkansas Rules of Civil Procedure," entitling Tyson to summary judgment.

On November 5, 2013, the Thompsons filed their response to the motion for summary judgment. They contended that Tyson Foods was not a medical–care provider as defined by section 16-114-201(2); that this action was not one for medical injury arising out of or sustained in the course of the professional services rendered by a medical–care provider; and that, accordingly, the Medical Malpractice Act was not applicable. Instead, they

countered that this was an action against Tyson for negligence and breach of implied contract; that they had previously identified the registered nurse as their expert, but in light of Tyson coming forward with Dr. Simmons, they also identified Dr. Bob Gale, to respond to Dr. Simmons's report; that material issues of fact remained regarding whether Timothy's injuries were proximately caused by Tyson's negligence; and that, accordingly, Tyson was not entitled to summary judgment.

Dr. Gale's deposition was taken in February 2014. On April 10, 2014, Tyson filed a "Supplemental Brief in Support of Motion for Summary Judgment and Motion to Strike Plaintiff's Expert Dr. Bob Gale." In the supplemental brief, Tyson maintained the position that this was a medical-malpractice case and argued that Dr. Gale was not qualified to provide the requisite expert testimony on causation and that he must be stricken as an expert in this case. In addition, Tyson argued that even if Dr. Gale were qualified to testify, he could not testify regarding the issue of causation within a reasonable degree of medical certainty as required by Arkansas law. Included in the exhibits Tyson attached to its supplemental brief were Dr. Gale's curriculum vitae and deposition.

In a nutshell, Dr. Simmons's report concluded that Timothy was not a candidate for the thrombolytic (clot-busting) agent and nothing Tyson did, or did not do, proximately caused his injuries. Dr. Gale's deposition, on the other hand, concluded that Tyson did not provide Timothy with the opportunity for appropriate treatment that more likely than not would have helped him avoid the injuries he suffered. Dr. Gale explained that Timothy was not given the thrombolytic agent because the hospital physicians presumed it was beyond the

three-hour time frame, but stated, "If we take what happened after they started the treatment, only started it at 2:40 or 2:45 or actually a little bit earlier in the ambulance, then it's more likely than not, to a reasonable degree of medical certainty, that they would have offered the TPA [thrombolytic drug]."

A hearing on Tyson's motion for summary judgment was held on May 22, 2014, with counsel for both sides presenting their arguments for and against summary judgment. On July 21, 2014, the trial court entered its order, which provided:

> On May 22, 2014, the Court heard arguments from counsel for both parties regarding the Motion for Summary Judgment of Tyson Foods, Inc. currently pending. After reviewing all filings and evidence of both parties and considering the arguments made at that hearing, the Court hereby orders that the Motion for Summary Judgment of Tyson Foods, Inc. is **GRANTED**. This case is dismissed with prejudice pursuant to Rule 56 of the Arkansas Rules of Civil Procedure.

The motion to strike Dr. Gale's testimony was never ruled upon.

*Discussion*

The Thompsons challenge the trial court's grant of summary judgment to Tyson Foods, Inc. We find merit in the argument that the trial court erred in granting summary judgment.

A circuit court may grant summary judgment only when it is clear that there are no genuine issues of material fact to be litigated and that the party is entitled to judgment as a matter of law. *Druyvestein v. Gean*, 2014 Ark. App. 559, 445 S.W.3d 529. The burden of sustaining a motion for summary judgment is always the responsibility of the moving party. *Id.* Once the moving party has established prima facie entitlement to summary judgment by affidavits, depositions, or other supporting documents, the opposing party must meet proof

4

SLIP OPINION

with proof and demonstrate the existence of a material issue of fact. *Id*. When the proof supporting a motion for summary judgment is insufficient, there is no duty on the part of the opposing party to meet proof with proof. *Id*. Summary judgment is not granted because the opposing party fails to respond to the motion. *Id*. On appellate review, we determine if summary judgment was appropriate based on whether the evidentiary items presented by the moving party in support of its motion leave a material fact unanswered. *Id*. This court views the evidence in a light most favorable to the party against whom the motion was filed, resolving all doubts and inferences against the moving party. *Id*.

Here, the major thrust of Tyson's motion for summary judgment was its contention that the case against it was a medical-malpractice case, and, as such, it was governed by Arkansas Code Annotated sections 16–114–201 et seq. Tyson argued that the only expert identified by the Thompsons at that time was a registered nurse; that a registered nurse was not qualified to give expert causation testimony in a medical-malpractice case, citing section 16–114–206(a)(3); that without expert causation testimony, it was impossible for the Thompsons to "meet their legal burden of proof in this case as defined by the AMMA [Arkansas Medical Malpractice Act]"; and that the report of Dr. Hank Simmons, attached to the motion, opined that there was no causal connection between any act or omission of Tyson and Timothy's alleged medical injuries.

The grant of summary judgment, quoted previously, provides us with no explanation for the basis upon which it was granted. We have no way of knowing whether the trial court accepted the premise that this is a medical-malpractice case, or whether it accepted the

alternative argument offered by Tyson in its reply that, regardless of whether it was treated as a medical-malpractice case, the Thompsons had not met proof with proof, i.e., the Thompsons had not provided proof to rebut Dr. Simmons's report.

Dr. Simmons's report, which was in the form of a May 31, 2013 letter from him to defense counsel, was not a deposition, was not an affidavit, nor was it submitted as an exhibit to an affidavit from Dr. Simmons. However, the Thompsons never challenged the "proof" offered by Tyson to support its motion for summary judgment; rather, the primary focus of their response was to argue that the Medical Malpractice Act was not applicable to this case, followed by the assertion that in light of Tyson presenting evidence from Dr. Simmons, they would be presenting Dr. Bob Gale, to respond. Dr. Gale's deposition was subsequently taken, and it was Tyson that actually put Gale's deposition before the trial court by attaching it to Tyson's reply.

Thus, at the end of the summary-judgment-motion process and in spite of the unconventional manner in which the "proof" was received, the trial court had before it an unsworn report from Dr. Simmons, which concluded that Timothy was not a candidate for receiving a thrombolytic agent, and a deposition from Dr. Gale, which concluded that Tyson did not provide Timothy with the opportunity for appropriate treatment, including the opportunity to receive the thrombolytic drug, that more likely than not, to a reasonable degree of medical certainty, would have helped him. Although we have questions about the applicability of the Medical Malpractice Act in this case, on the record that is before us, we decline to rule on that issue. We do, however, conclude that the evidence presented to the

trial court demonstrated that a material issue of fact regarding causation existed in this case.

We hold, therefore, that the trial court erred in granting summary judgment.

Reversed and remanded.

HARRISON and KINARD, JJ., agree.

*Willard Proctor, Jr., P.A.*, by: *Willard Proctor, Jr.*, for appellants.

*Mitchell, Williams, Selig, Gates & Woodyard, P.L.L.C.*, by: *Benjamin D. Jackson* and *Brian A. Pipkin*, for appellee.