Bart F. Virden, Judge, dissenting. I respectfully dissent from the majority opinion. American Gamebird Research Education and Development Foundation, Inc. (AGRED) objected to the Arkansas Game and Fish Commission’s (AGFC or “Commission”) letter on the basis that it was unsworn, unauthenticated, “blatant hearsay,” and an ex parte communication by a nonparty. To the extent that the trial court relied on that letter, I agree with the majority that doing so was error. |TJn a case where the parties agree on the facts—the majority asserts that “[t]he facts are undisputed”—an appellate court simply determines whether the appellee was entitled to judgment as a matter of law. Washington Cty. v. Bd. of Trs. of the Univ. of Ark., 2016 Ark. 34, 480 S.W.3d 173. AGRED and the Burtons appear to agree that the “Corrected Lake Easement” controls and that the AGFC’s land-use policies were incorporated into the “Corrected Lake Easement.” Inspfar as the policies relate to construction permits, the plain language indicates that the policies apply to Commission-owned lakes, and Lake Erling is not among the lakes listed in the handbook. The inescapable conclusion is that the Burtons were not required to obtain a permit for their dock and deck from the AGFC, which AGRED appears to concede given its “alternative permitting system.” As to issues of law presented, the appellate court’s review is de novo, meaning that the entire case is open for review. Washington, supra. I acknowledge that the AGFC’s letter was not proper evidence to support summary judgment; thus, the letter cannot be considered in our de novo review of whether summary judgment was appropriate. I would affirm because the Burtons were nonetheless entitled to judgment as a matter of law based on the evidence that was properly submitted, i.e., the easement and incorporated policies. It is stated in the majority opinion that “all evidence submitted in the course of summary-judgment proceedings must be under oath. Hadder v. Heritage Hill Manor, Inc., 2016 Ark. App. 303, 495 S.W.3d 628.” In fact, in Davis v. Schneider National, Inc., 2013 Ark. App. 737, 431 S.W.3d 321, we held, “All evidence submitted in the course of summary-judgment proceedings must be under oath. Ark. R. Civ. P. 56(e).” While it is an interesting exercise | iato trace the evolution and tran-smogrifications of such a statement through past years and cases, it need not be done here. Suffice it to say, at the very least, our courts have sent mixed messages, and at the most, that is not the law and cannot be found anywhere in the text of Rule 56. Rule 56 also allows for the pleadings to be considered by the trial court when deciding a motion for summary judgment. Rule 7 of our Rules of Civil Procedure defines pleadings as “a complaint and an answer; a counterclaim; a reply to a counterclaim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third party complaint, if a person who was not an original party is summoned under the provisions of Rule 14; and a third party answer, if a third party complaint is served. No other pleadings shall be allowed.” None of the above pleadings are required to be made under oath, nor are they required to contain “admissible evidence.” Yet by the very language of Rule 56, they may be properly considered in a summary-judgment proceeding. The trial court had available to review, and stated that it did review, the pleadings in the case. There were multiple pleadings in the case that included the AGFC policies at issue. In other words, the trial court reviewed much of the same information contained in the letter in other, nonob-jectionable pleadings. To be fair, the letter went much further, but the evidence was there that the AGFC regulations applied to Commission-owned lakes, and Lake Er-ling was not one of them. Moreover, in reaching its conclusion that the AGFC had no authority to require a landowner to obtain a construction permit, the trial court’s primary point in its oral ruling was that the AGFC has no ownership interest in Lake Erling. That fact is established by the Impolicies themselves. See, e.g., Chiodini v. Lock, 2010 Ark. App. 340, 374 S.W.3d 835 (This court saw no reversible error where, over Chiodini’s objection, Lock presented live testimony from witnesses to supplement his response to a summary-judgment motion because, even though Rule 56 does not permit such supplementation, the trial court was correct in observing that the testimony revealed little more than what was contained in the witnesses’ affidavits attached to Lock’s response). Because this case involves a question of law, which we review de novo, I would affirm. There is nothing for the trial court to do on remand. Gruber, C.J., and. Harrison and Glover, JJ., join.